I must respectfully dissent. The majority decision effectively deletes the "due" from "due process."
The majority cites Evid.R. 201(E) to support the right to a hearing on an issue of judicial notice. Since the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings, State v. Cook (1998), 83 Ohio St.3d 404, 425, how can they apply when there is no hearing since there is nothing for the court to "determine"?
The majority admits that "Hayden's conviction for a sexually oriented offense confers on him the status of a sexually oriented offender." What follows — the registration requirement — is mandated by law. The trial court cannot "determine" anything. It merely engages in the ministerial act of rubber-stamping the registration requirement on the offender. The Sixth Amendment does not apply because there is no issue to be tried — no witnesses to confront or be called to testify.
This decision, if it stands, will require the state to spend our money to transport a convicted sexually oriented offender to the court to allow the offender to sit in front of the judge while the order imposing the notice requirement is being signed. This process is not "due"; it is totally unnecessary and unjustified. It is not required by any constitutional, statutory, or evidentiary grounds.
I would affirm.